CHRISTOPHER P. NORTON (SBN 234621)
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Telephone: (424) 431-1990
Direct Dial: (424) 431-4432
Email: cnorton@smsm.com

Attorneys for Defendant DENYA FANELLI individually and doing business as CALI COAST EQUESTRIAN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEFFREY J. GOGUL,<br><br>Plaintiff,<br><br>vs.<br><br>DENYA FANELLI individually and doing business as CALI COAST EQUESTRIAN,<br><br>Defendant. | Case No. 2:23-cv-10690-HDV-RAO<br><br>Judge Hernan D. Vera<br><br>Magistrate Judge Rozella A. Oliver<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY DEFENDANT DENYA FANELLI INDIVIDUALLY AND DOING BUSINESS AS CALI COAST EQUESTRIAN** |

Defendant Denya Fanelli, individually and doing business as Cali Coast Equestrian (hereinafter "Defendant"), as and for her Answer to Plaintiff's Complaint, responds as follows:

**PRELIMINARY STATEMENT**

Unless otherwise expressly indicated to the contrary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint concerning any other defendant, person, or entity.

**ANSWER TO THE NATURE OF THE ACTION**

**INTRODUCTION**

1. Defendant denies that plaintiff has an ownership right in the Horse. Defendant admits the Horse is registered with equestrian sport's national governing

organizations as "The Funk Zone."  Defendant denies the remaining allegations contained in paragraph 1 of Complaint.

2. Defendant admits that Defendant has leased the Horse.  The remainder of paragraph 2 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations and implications contained in paragraph 2 of Complaint.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Complaint and therefore denies them.

4. Defendant admits she is a resident of Texas but denies the accuracy of the remaining allegations contained in paragraph 4 of Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 5 of Complaint except admits that the amount in controversy exceeds $75,000 based on Defendant's counterclaim.

6. Paragraph 6 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations and implications contained in paragraph 6 of Complaint.

7. Paragraph 7 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 7 of Complaint.

8. Defendant denies the allegations and implications contained in paragraph 8 of Complaint.

///

///

2

## FACTUAL BACKGROUND

9. Defendant admits the allegations contained in paragraph 9 of Complaint.

10. Defendant admits the allegations contained in paragraph 10 of Complaint.

11. Defendant admits that Plaintiff and Defendant purchased and imported the Horse that was known as "Manrico Di Montefiridolfi" and registered under that name with the Federation Equestre Internationale. The remainder of Paragraph 11 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations and implications contained in paragraph 11 of Complaint as phrased.

12. Defendant admits that Plaintiff arranged for the sum of $21,000 to be remitted to Defendant for one-half of the purchase price of the Horse. Defendant denies the remaining allegations contained in paragraph 12 of Complaint.

13. Defendant admits she trained and cared for the Horse but denies the remaining allegations contained in paragraph 13 of Complaint as phrased.

14. Defendant denies the allegations and implications contained in paragraph 14 of Complaint as phrased.

15. Defendant admits that Defendant registered the ownership of the Horse with the United States Equestrian Federation ("USEF"). Defendant denies the remaining allegations and implications contained in paragraph 15 of Complaint as phrased.

16. Defendant denies the allegations and implications contained in paragraph 16 of Complaint as phrased and as alleged by Plaintiff.

17. Defendant denies the allegations and implications contained in paragraph 17 of Complaint, as phased.

///

18. Defendant admits that Defendant entered into a lease agreement to lease. Defendant admits that Puthoff registered the lease of the Horse with the USEF. Defendant denies, or is without knowledge and therefore denies, the remaining allegations contained in paragraph 18 of Complaint, as phrased and as alleged by Plaintiff.

19. Defendant denies the allegations and implications contained in paragraph 19 of Complaint and further denies that Plaintiff is entitled to any share of the lease fees.

20. Defendant denies the allegations contained in paragraph 20 of Complaint.

21. Paragraph 21 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 21 of Complaint as phrased and denies Plaintiff is entitled to an ownership stake in the Horse.

22. Defendant denies the allegations contained in paragraph 22 of Complaint, as phrased and as alleged by Plaintiff.

23. Paragraph 23 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 23 of Complaint.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

24. Defendant incorporates the responses to paragraphs 1-23 of the Complaint as if fully set forth herein.

25. Paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 25 of Complaint.

///

4

26. Paragraph 26 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 26 of Complaint.

27. Paragraph 27 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 27 of Complaint.

28. Paragraph 28 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 28 of Complaint.

29. Paragraph 29 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 29 of Complaint.

30. Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 30 of Complaint.

31. Paragraph 31 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 31 of Complaint.

32. Paragraph 32 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 32 of Complaint.

**SECOND CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT**

33. Defendant incorporates the responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

34. 28 U.S.C. Section 2201 speaks for itself. Defendant states this is not a proper cause of action and should be dismissed. To the extent a response is

required, Defendant denies the allegations and implications contained in paragraph 34 of Complaint.

35. 28 U.S.C. Section 2201 speaks for itself. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 35 of Complaint.

36. Defendant denies the allegations and implications contained in paragraph 36 of Complaint. Plaintiff's cause of action should be dismissed as it asserts a remedy and not an appropriate cause of action.

## THIRD CLAIM FOR RELIEF
## ACTION FOR ATTACHMENT

37. Defendant incorporates the responses to paragraphs 1-36 of the Complaint as if fully set forth herein.

38. Paragraph 38 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 38 of Complaint.

39. Defendant denies the allegations and implications contained in paragraph 39 of Complaint. Plaintiff's cause of action should be dismissed as it asserts a provisional remedy and not an appropriate cause of action.

## FOURTH CLAIM FOR RELIEF
## INJUNCTION

40. Defendant incorporates the responses to paragraphs 1-39 of the Complaint as if fully set forth herein.

41. Paragraph 41 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and implications contained in paragraph 41 of Complaint.

42. Paragraph 42 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and

implications contained in paragraph 42 of Complaint. This is also not a proper cause of action and should be dismissed.

## PRAYER

Responding to the Prayer in Plaintiff's Complaint (p. 7) paragraphs (a.) – (e.), Defendant denies any and allegations contained therein and denies that Plaintiff is entitled to damages and denies that Plaintiff is entitled to any of the relief sought. The Complaint and all causes of action should be dismissed with prejudice.

Defendant asserts the following Affirmative Defenses and Counterclaim against Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

44. Defendant asserts that the Plaintiff failed to comply with the terms of any contract.

## THIRD AFFIRMATIVE DEFENSE

45. Defendant asserts that she performed all duties owed under the contract (if any) other than any duties which were prevented or excused, and therefore never breached the agreement.

## FOURTH AFFIRMATIVE DEFENSE

46. Defendant asserts that her performance under the contract (if any) or agreement was conditioned on the Plaintiff first performing, or another act or condition to occur, that such performance, act, or condition never took place, and that as a result the Defendant was never obligated to perform. See Civil Code Section 1498.

///

///

**FIFTH AFFIRMATIVE DEFENSE**

47. Defendant asserts that she did not receive the goods or services promised and never received the contributions promised by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

48. Defendant asserts that the Plaintiff obtained the Defendant's consent to the contract (if any) or transaction through fraud, deceit, coercion, manipulation, or misrepresentation by the Plaintiff, and that as a result, the contract (if any) is invalid.

**SEVENTH AFFIRMATIVE DEFENSE**

49. Defendant asserts that there is no contractual relationship or agreement between the Plaintiff and Defendant, specifically that the Defendant never entered into the contract (if any) or agreement as alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

50. Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate any damages.

**NINETH AFFIRMATIVE DEFENSE**

51. Defendant asserts that the Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and award of the judgement sought by the Plaintiff would unjustly enrich the Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

52. Plaintiff's causes of action are barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure Section 337, 339, and California Uniform Commercial Code § 2725 (or any other applicable limitations period).

**ELEVENTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred by the doctrines of informed consent, release, and waiver.

**TWELFTH AFFIRMATIVE**

54. Plaintiff's claims are barred by the statute of repose and/or by the equitable doctrines of laches and estoppel.

**THIRTEENTH AFFIRMATIVE**

55. Defendant asserts that Plaintiff's actions constituted a full release by Plaintiff of any and all claims which he may have had against Defendant.

**FOURTEENTH AFFIRMATIVE**

56. Defendant asserts that the Plaintiff owes money or other valuable consideration to the Defendant, and that as a result the Defendant owes less than the amount claimed by the Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

57. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring such claims and there might not be personal jurisdiction over Defendant in this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

58. Defendant asserts that Plaintiff's action is not brought in good faith and is frivolous, and by reason thereof, Defendant is entitled to, and will seek, *inter alia*, reasonable expenses, including attorney's fees, incurred in defending the action, pursuant to California Code of Civil Procedure sections 128.5, 128.7 and 1021.6 (and under any other applicable rules, laws, or Code sections).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

59. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

60. Plaintiff's claims fail because Plaintiff has not incurred any damages or suffered any injuries as a result of the conduct alleged.

///

9

## NINETEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims fail because they are unsubstantiated, frivolous, and not brought in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

62. If Plaintiff has sustained any injuries or incurred any damages, which Defendant denies that Plaintiff has, such alleged injuries and damages were caused, in whole or in part, by Plaintiff's own conduct or by the acts, wrongs, and/or omissions of persons other than Defendant and for which Defendant is not responsible and is not liable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

64. Plaintiff did not rely reasonably on any alleged action or inaction, representation(s) or omission(s), statement(s), conduct, or alleged failure(s) to advise by Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

65. The damages suffered by Plaintiff, if any, are attributable, in whole or in part, to parties other than Defendant under the doctrine of equitable indemnity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred by Plaintiff's own authorization and ratification of the actions of Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

67. Plaintiff's alleged damages, if any, were the direct and proximate result of intervening and superseding events over which Defendant had no authority or control and for which Defendant is not responsible.

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred, in whole or in part, by the doctrine of force majeure.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

69. There exists no basis in statue, law, or fact for damages as requested in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by the doctrine of abandonment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

71. Due to Plaintiff's actions, conduct and breach of the parties' contract (if any), Plaintiff is not entitled to enforce the contract (if any) or seek damages thereunder and Plaintiff did not exercise his option under the contract as he failed to perform as required.

## THIRTIETH AFFIRMATIVE DEFENSE

72. Cause of action for writ of attachment is not proper and inapplicable as it is a provisional remedy not available to Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

73. Cause of action for declaratory relief is not proper and inapplicable as it is a remedy not available to Plaintiff. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

74. Cause of action for injunctive relief is not proper and inapplicable as it is a remedy not available to Plaintiff. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010).

///

///

### THIRTY-THIRD AFFIRMATIVE DEFENSE

75. Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in this state and any other state whose law is deemed to apply in this case. Defendant reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery and may supplement her defenses at any time prior to trial.

WHEREFORE, Defendant demands judgement dismissing the Complaint with prejudice, her costs and expenses of this action against plaintiff, and such other and further relief as the Court deems just and proper including attorney fees. Instead, the Court should award Defendant damages she is entitled to by virtue of the below counterclaim.

DATED: February 29, 2024     SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: _____
Christopher P. Norton
Attorney for Defendant DENYA FANELLI individually and doing business as CALI COAST EQUESTRIAN

///
///
///
///
///
///
///
///
///

**JURY DEMAND**

Defendant, DENYA FANELLI individually and doing business as CALI COAST EQUESTRIAN, hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

DATED: February 29, 2024         SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: _____
Christopher P. Norton
Attorney for Counterclaimant/Defendant,
DENYA FANELLI individually and doing business as CALI COAST EQUESTRIAN